IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BO ZHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IKEA NORTH AMERICA SERVICES,<br>LLC, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-01641-MMC<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION TO<br>DISMISS** |

Before the Court is defendants Ikea North America Services, LLC and IKEA US Retail, LLC's ("Ikea") motion, filed October 31, 2025, "to Dismiss the Third Amended Complaint."  Plaintiff Bo Zhang has filed opposition, to which Ikea has replied. The matter came on regularly for hearing on January 16, 2026.  Bruno Ortega-Toledo of Migliaccio & Rathod LLP appeared on behalf of plaintiff.  Robert James Herrington of Greenberg Traurig LLP appeared on behalf of defendants.

Having read and considered the parties' respective written submissions, and having considered the arguments made at the hearing, the Court, for the reasons stated in detail on the record at the hearing[1], hereby finds as follows:

## CLAIMS

**1.  Count I ("Breach of Implied Warranty of Merchantability") & Count VI ("Violation of the Song-Beverly Act – Breach of Implied Warranty of Merchantability")**

As noted at the hearing, the pleading of plaintiff's implied warranty claims is, at best, weak.  Nevertheless, the Court finds plaintiff has made a sufficient showing to avoid dismissal at this stage of the proceedings.[2]  In particular, although plaintiff's materials

---

[1] The brief explanations provided herein are not intended to set forth in detail the Court's analysis.

[2] Ikea's argument that "Zhang does not allege multiple service attempts, as required for a Song-Beverly claim" (see MTD at 18:14) is applicable to Song-Beverly Act claims based on express warranty but not claims based on implied warranty.  (Compare Cal Civ. Code § 1793.2 with Cal. Civ. Code §§ 1792, 1791.1.)

United States District Court<br>Northern District of California

expert, David E. Niebuhr, Ph.D., P.E. ("Dr. Niebuhr"), did not expressly offer the opinion that the HEMNES Daybeds are not "fit for the ordinary purposes for which such goods are used," see Cal. Com. Code §  2314; Cal. Civ. Code § 1791.1, i.e., that they contain "an inherent defect which is substantially certain to result in malfunction during the useful life of the product," see Hicks v. Kaufman and Broad Home Corp., 89 Cal. App. 4th 908, 918 (2001), an inference of such event arguably can be drawn from the results of the dynamic load testing he conducted.  In that regard, Dr. Niebuhr described the impact of the load used in such testing as "designed to simulate . . . a child jumping up on the bed or an adult dropping into a seated position."  (See TAC ¶ 56.)  While one would not expect an adult to sit down and get up in the repetitive fashion the test loads were dropped, specifically, multiple times with no appreciable interval in between (see TAC ¶ 58), a child jumping on a bed for the number of times that resulted in breakage of the comb-jointed slats, namely, from four to nine times (see TAC ¶ 59, Table 2), would not necessarily be out of the ordinary.[3]  Additionally, although there is no showing the HEMNES Daybeds are likely, let alone substantially certain, to fail upon the breakage of a single slat, a further inference can be drawn that the simulated usage, over the course of the bed's anticipated lifetime, would result in enough slats breaking to render it uncapable of providing adequate support.

**2.    Count II ("Violation of the California Unfair Competition Law")**

Count II is subject to dismissal for at least two reasons.  First, to the extent plaintiff seeks restitution, plaintiff fails to plead he "lacks an adequate remedy at law" see Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020); in particular, any such sum sought can be recovered as damages under his implied warranty claims, see Cal. Civ.

---

[3] Of course, at a later stage of the proceedings, a challenge can be raised as to whether Dr. Niebuhr's testing in fact simulates such activity.  See, e.g., Warren v. Whole Foods Mkt. Cal., Inc., No. 21-cv-04577, 2022 WL 2644103, at *6 (N.D. Cal. July 8, 2022) (noting, "alleged inadequacies in methodology or interpretation of scientific testing do not warrant dismissal . . . so long as the court can still reasonably infer from the testing result and other alleged facts, taken as true, that the defendant is liable for the misconduct alleged").

Code § 1794(a) (providing "any buyer of consumer goods who is damaged by . . . an implied . . . warranty . . . may bring an action for the recovery of damages"); Cal. Com. Code § 2714(2) (setting forth measure of damages for breach of warranty claim). Second, to the extent he requests issuance of an injunction, plaintiff lacks standing to seek such relief; in particular, plaintiff fails to show "a reasonable likelihood of future injury" see Bank of Lake Tahoe v. Bank of Am., 318 F.3d 914, 918 (9th Cir. 2003), given plaintiff's knowledge of the alleged defect and failure to plead an "intent to purchase the product in the future" see Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969-71 (9th Cir. 2018).

### 3.   Count III ("Violation of the California False Advertising Law")

To the extent Count III is based on an alleged affirmative misrepresentation, namely, "solid pine," such claim is, again, subject to dismissal.  To the extent Count III is based on an alleged omission, namely, a duty to disclose the alleged defect, the claim is likewise subject to dismissal; in particular, plaintiff has pleaded no facts to support his conclusory allegation that Ikea, prior to the sale to plaintiff, had any knowledge of such defect.  See Cal. Bus. & Prof. Code § 17500 (providing, "it is unlawful . . . to make . . . any statement . . . which is known, or . . . should be known, to be untrue or misleading"); see also Williams v. Yamaha Motor Co., 851 F.3d 1015, 1025 (9th Cir. 2017).

### 4.   Count IV ("Violation of California's Consumer Legal Remedies Act")

To the extent Count IV is based on an alleged affirmative misrepresentation, namely, "solid pine," it is, once again, subject to dismissal.  To the extent Count IV is based on an omission, namely, a duty to disclose the alleged defect, the claim is, for the same reasons as set forth above with respect to Count III, subject to dismissal.  See Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 (9th Cir. 2012) (holding, "under the CLRA," although not expressly stated therein, "plaintiffs must sufficiently allege . . . defendant was aware of a defect at the time of sale").

//

//

United States District Court
Northern District of California

**5.    Count V ("Violation of the Song-Beverley Consumer Warranty Act")**

Count V is subject to dismissal for the reason that plaintiff fails to plead any language that can be deemed an express warranty.

**6.    Nationwide Class Allegations**

To the extent the motion includes an argument that "the nationwide class allegation should be stricken" (see MTD at 21), such argument is, in this particular instance, premature, and, consequently, such request will be denied without prejudice to Ikea raising it in opposition to a motion for class certification.

**CONCLUSION**

1. To the extent Ikea seeks dismissal of Counts I and VI, the motion is hereby DENIED;

2. To the extent Ikea seeks dismissal of the remaining Counts, the motion is hereby GRANTED, and Counts II-V are dismissed without further leave to amend, plaintiff having been afforded multiple opportunities to cure the above-noted deficiencies therein; and

3. To the extent Ikea seeks an order striking the nationwide class allegations, such request is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: January 22, 2026

MAXINE M. CHESNEY
United States District Judge

4